UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDY PULIDO,<br><br>        Defendant.<br>_____/ | No. C 12-01264 LB<br><br>**ORDER REMANDING CASE TO ALAMEDA COUNTY SUPERIOR COURT** |

   Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") brought an action for unlawful detainer against Defendant Andy Pulido in Alameda County Superior Court on July 8, 2011. *See Federal Home Loan Mortgage Corp. v. Pulido*, No. HG-11-584489 (Alameda Cty Sup. Ct.). On January 18, 2012, Mr. Pulido, who is proceeding *pro se*, removed the case from state court, alleging federal question jurisdiction. *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-00277 LB ("*Pulido I*"), Notice of Removal (First), ECF No. 1.[1] The court remanded the action back to state court because federal jurisdiction was lacking. *Pulido I*, 02/17/2012 Order, ECF No. 10.

   On March 14, 2012, Mr. Pulido removed the action once again. *Pulido II*, Notice of Removal

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-01264
ORDER REMANDING CASE

1  (Second), ECF No. 1.[2]  His second notice of removal is virtually identical to his first one and is
2  based upon the same grounds.  *Compare Pulido I*, Notice of Removal (First), ECF No. 1 *with Pulido*
3  *II*, Notice of Removal (Second), ECF No. 1.

4     "[A] party is not entitled, under existing laws, to file a second [notice of removal] upon the same
5  grounds, where, upon the first removal by the same party, the federal court declined to proceed and
6  remanded the suit, because of his failure to [comply with the procedural requirements for removal]."
7  *St. Paul & C. Ry. Co. v. McLean,* (1883) 108 U.S. 212, 217 (brackets added).  The ban on successive
8  removals, however, does not apply in circumstances where the moving party advances a different
9  theory of removal based on newly discovered facts or a change in relevant law.  *Kirkbride v.*
10 *Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt
11 to remove on the initial pleadings may file a removal petition when subsequent pleadings or events
12 reveal a new and different ground for removal).  But absent new and different grounds for removal
13 based on newly discovered facts or law, a defendant who improperly removes a case after a federal
14 court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11.  *See*
15 *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could
16 encounter problems – could even lead to sanctions  – if nothing of significance changes between the
17 first and second tries.") (internal citation omitted).

18    As stated above, Mr. Pulido's second notice of removal is the same as his first one.  He is not
19 claiming any new grounds for removal and has not added any newly-acquired facts to his notice of
20 removal.  This action, then, must be remanded for the same reasons that the court articulated in its
21 02/17/2012 Order in *Pulido I*.  *See Pulido I*, 02/17/2012 Order, ECF No. 10.  The court need not
22 repeat its reasons here.  But the court will say that, should Mr. Pulido again remove this action to
23 federal court on the same grounds, he may be subject to Rule 11 sanctions.
24 ///
25 ///
26
27
28    [2] Initially, *Pulido II* was assigned to Magistrate Judge Ryu, but it was subsequently related to *Pulido I* and reassigned to this court.  *Pulido I*, Order Relating Case, ECF No. 13.

1   Accordingly, the court **REMANDS** the case to Alameda County Superior Court.[3]  The Clerk of
2   the Court shall close the file.
3   **IT IS SO ORDERED.**
4   Dated: April 9, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] All parties have consented to the undersigned's jurisdiction. *Pulido II*, Consent (Plaintiff) ECF No. 11; *Pulido II*, Consent (Defendant), ECF No. 13.

**UNITED STATES DISTRICT COURT**
For the Northern District of California